UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

JESSE H. CURRY

Petitioner,

v.

Warden BRUTON,

Respondent.

Civil No. 00-2480 (PAM/SRN)

REPORT AND RECOMMENDATION

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. These proceedings have been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons stated below, it is recommended that the petition be dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

## I. BACKGROUND

On January 12, 1994, Petitioner was convicted in the district court for Ramsey County, Minnesota, on a charge of first degree criminal sexual conduct. He received a 360-month prison sentence, which he is presently serving at the Minnesota Correctional Facility in Oak Park Heights, Minnesota. (Petition, [Docket No. 1], p. (2).)

[1] The applicable language in Rule 4 provides as follows:

"If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

FILED JAN 04 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

Following his conviction, Petitioner filed a direct appeal with the Minnesota Court of Appeals.[2] However, after the Court of Appeals pointed out that the appeal appeared to be untimely, Petitioner filed a notice of voluntary dismissal. Thus, the appeal was summarily dismissed by order dated December 21, 1994.

Petitioner did not challenge his conviction again until August 11, 1997, when he filed a motion in the trial court seeking post-conviction relief under Minn.Stat. § 590.01.[3] After that post-conviction motion was denied by the trial court, Petitioner filed another appeal. On September 29, 1998, Petitioner's second appeal was summarily denied by the Minnesota Court of Appeals, because it was found to be untimely. On November 24, 1998, the Minnesota Supreme Court denied Petitioner's request for further review.

Sometime in 1999, Petitioner filed a second post-conviction motion in the trial court. That motion was denied on the merits, and Petitioner again appealed to the Minnesota

---

[2] Petitioner's habeas corpus petition, (Docket No. 1), does not fully explain the procedural history of his criminal case. Therefore, by order dated November 13, 2000, (Docket No. 4), the Court directed Petitioner to supplement his petition with a complete chronology of the legal proceedings that followed his conviction. In response to that order, Petitioner filed a one-page memorandum, accompanied by copies of various documents pertaining to his state criminal case. (Docket No. 6.) The Court's synopsis of the post-judgment proceedings in Petitioner's case is based on the documents he submitted with his memorandum.

[3] Although Petitioner's post-conviction motion was signed on August 11, 1997, it may not have been filed with the trial court until sometime thereafter. For present purposes, however, the Court will assume that the motion was filed on same day that it was signed. The Court further notes that Petitioner signed an "affidavit" on March 24, 1995. That affidavit merely attempts to explain why Petitioner's direct appeal was untimely. Assuming that the affidavit was filed with the trial court, (even though there are no date stamps or other markings indicating that it actually was filed), the Court finds no reason to believe that it was intended to be, or was construed to be, an actual post-conviction motion, or any other application for relief.

Court of Appeals. This time, the Court of Appeals considered Petitioner's post-conviction claims on the merits, and affirmed his conviction and sentence. On April 18, 2000, the State Supreme Court entered an order declining to review the Court of Appeals' decision.

Petitioner's present application for federal habeas corpus relief was filed on November 8, 2000. The instant petition lists four grounds for relief: (1) that the prosecution did not present sufficient evidence to support Petitioner's conviction; (2) that Petitioner's sentence was affected by trial court biases; (3) that Petitioner's sentence is not in accordance with Minnesota's sentencing guidelines; and (4) that two members of the jury should have been dismissed because they were biased against Petitioner. (Petition, pp. (5)-(6), ¶ 12.) None of these claims will be addressed on the merits, however, because the Court finds that the petition was not filed within the time limit prescribed by 28 U.S.C. § 2244(d). Instead, it will be recommended that the petition be summarily dismissed with prejudice, because it is time-barred.

## II. DISCUSSION

On April 24, 1996, President Clinton signed the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), which effected significant changes in the federal habeas corpus statutes. One of those changes appears at 28 U.S.C. § 2244(d), which establishes a one-year statute of limitations for habeas corpus petitions filed by state prisoners seeking federal court review of a conviction or sentence. This new statute provides that:

> "**(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In this case, there is nothing on the face of the petition to suggest that clauses (B), (C) or (D) of § 2244(d)(1) would have any applicability. In other words, there is no indication that the state created any impediment that prevented Petitioner from seeking federal habeas relief within the prescribed one-year limitation period, nor is there any indication that Petitioner's claims are based on any newly-recognized constitutional right or any new evidence that could not have been discovered earlier. Thus, the one-year statute of limitations began to run in this case, pursuant to § 2244(d)(1)(A), when Petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review."

Petitioner's direct appeal ended on December 21, 1994, when the Minnesota Court of Appeals dismissed the appeal pursuant to Petitioner's notice of voluntary dismissal. Petitioner had thirty days thereafter to seek further review in the Minnesota Supreme Court. Minn. R. App. P. 117,subd. 1. Because he did not seek such further review, the

direct appeal process ended, and the judgment of conviction became final for purposes of § 2244(d)(1)(A), on January 20, 1995 -- thirty days after the Court of Appeals dismissed the first appeal.

The Eighth Circuit Court of Appeals has held, however, that the statute of limitations set forth at § 2244(d)(1) never begins to run any earlier than the date when the statute was enacted, which was April 24, 1996. Nichols v. Bowersox, 172 F.3d 1068, 1073 (8th Cir. 1999). Therefore, although Petitioner's conviction became final, for purposes of § 2244(d)(1), on January 20, 1995, the statute of limitations did not actually began to run in this case until April 24, 1996. It follows, of course, that the limitations period did not expire in this case until April 24, 1997. Id. See also, Ford v. Bowersox, 178 F.3d 522, 523 (8th Cir. 1999) ("[i]n applying § 2244(d)(1) to cases where, as here, the judgment became final before the enactment of AEDPA on April 24, 1996, this Court has adopted a one-year grace period, ending April 24, 1997, for the filing of habeas petitions").

However, Petitioner did not file his present petition until November 8, 2000, which was more than four and a half years after the statute of limitations began to run in this case, and more than three and a half years after the limitation period expired. Thus, the Court concludes that the instant petition is clearly time-barred and cannot be entertained at this late date.

The Court has not overlooked 28 U.S.C. § 2244(d)(2), which stops the statute of limitations from running while state post-conviction proceedings are pending. The tolling provisions of § 2244(d)(2) cannot aid the instant Petitioner, however, because the statute of limitations had already expired well before he filed his first post-conviction motion in the

trial court. Petitioner did not file his first post-conviction motion until August 11, 1997, which was nearly four months after the statute of limitations expired on April 24, 1997. Nor did Petitioner's second post-conviction motion toll the statute of limitations, because, once again, the limitations period had already expired before that motion was filed. See Bogan v. Moore, 55 F.Supp.2d 597, 600 (S.D.Miss. 1999) ("[o]nce the one year statute of limitations has expired, it cannot thereafter be tolled by a motion for post-conviction relief"); Williams v. Cain, No. CIV. A. 00-536, (E.D.La. June 27, 2000), 2000 WL 863132 at *2 (same).[4]

---

[4] Petitioner might believe that a post-conviction motion does more than just temporarily stop the statute of limitations from running while the post-conviction proceedings are pending. He may think that filing a post-conviction motion actually 'resets the clock,' so that a prisoner gets a fresh new one-year limitation period that does not begin until the state post-conviction proceedings are completed. That, however, is simply not the case. As explained in Sorce v. Artuz, 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999):

> "The tolling provision of AEDPA does not allow the one year period to run anew each time a post-conviction motion is ruled upon. Instead, the toll excludes from the calculation of the one year period any time during which post-conviction relief is pending. [Citation omitted.] Thus, the provision stops, but does not reset, the clock from ticking on the time in which to file a habeas petition. It cannot revive a time period that has already expired." (Emphasis added.)

See also Lucidore v. New York State Div. of Parole, No. 99 CIV 2936 AJP, (S.D.N.Y. 1999), 1999 WL 566362 at * 4 ("Section 2244(d) does not state that the AEDPA's one-year statute begins to run anew after decision on a state collateral attack; such an interpretation would allow an inmate to avoid the effect of the AEDPA's one-year [statute] of limitations by bringing a belated state collateral attack"), aff'd 209 F.3d 107 (2nd Cir.), cert. denied, 121 S.Ct. 175 (2000); Broom v. Garvin, 99 Civ. 1083 (JSM) (S.D.N.Y. Apr. 26, 1999), 1999 WL 246753 at *1 ("the filing of a collateral attack in the state court tolls the AEDPA statute of limitations during the period that it is pending, but it does not commence a new limitations period").

Because it plainly appears that Petitioner's present habeas corpus petition is time-barred pursuant to 28 U.S.C. § 2244(d), the Court recommends that this action be summarily dismissed pursuant to Rule 4. Moreover, because Petitioner is now statutorily ineligible for federal habeas corpus relief, it is further recommended that the action be dismissed with prejudice. Finally, because Petitioner has failed to state an actionable claim for habeas corpus relief, it will be recommended that his application for leave to proceed in forma pauperis, ("IFP"), be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii).

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be DENIED;

2. Petitioner's Application To Proceed Without Prepayment Of Fees, (Docket No. 2), be DENIED; and

3. This action be DISMISSED WITH PREJUDICE.

Dated: January 4, 2001

Susan Richard Nelson

SUSAN RICHARD NELSON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.